UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**FILED**

APR 2 9 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-CV-~~269~~-KKC
*629*

DEWAYNE MORRIS                                                PETITIONER

v.                    **MEMORANDUM OPINION AND ORDER**

DONALD L. STINE, WARDEN                                       RESPONDENT

Dewayne Morris, the *pro se* petitioner, a filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee. At the time the petitioner filed his petition on December 20, 2004, he was confined at the United States Prison-McCreary ("USP-McCreary"). The named respondent is Donald L. Stine, Warden of USP-McCreary.

The pleading currently before the Court for consideration is a "Petition for Writ of Mandamus" [Record No. 5], which the plaintiff filed herein on March 7, 2005. The Court broadly construes the current submission as a Motion under Fed.R.Civ.P. 59(e), to Alter or Amend the Court's January 12, 2005 Memorandum Opinion and Order ("the Opinion and Order") dismissing the petition [Record No. 4].

PROCEDURAL HISTORY
1. The Petition [Record No.1]

The petitioner alleged that the respondent was violating his due process rights under the Fifth Amendment of the United States Constitution. He complained that the BOP had wrongly construed 18 U.S.C. §§3621(b) and 3624(c). Specifically, he alleged that he is entitled to a full six (6) month placement in a Community Corrections Center ("CCC") based upon various cases including but not limited to *Monahan v. Winn*, 276 F.Supp.2d 196 (D. Mass. 2003); *Goldings v. Winn*, 383 F.3d 17 (1ˢᵗ Cir. 2004); and a decision rendered in this Court last year, *Colton v. Ashcroft*, 299 F. Supp.2d

681 (E.D. Ky. 2004) (Hon. Jennifer B. Coffman, presiding).

The Court noted that the attachments to the petition reflected that the petitioner's projected release date, factoring in good time credits, is July 3, 2005 [*See* Petition, Attachment "B"]. The petitioner stated in his petition that the staff at USP-McCreary informed him that he will not be released for Community Corrections Center ("CCC") placement until April 16, 2005, which essentially enables him to serve only about two-and-a-half months in a CCC prior to his projected release date, instead of six months. The prisoner sought a full 180 days in CCC placement, retroactive to January 3, 2005, and objected to being denied CCC placement until April 16, 2005. He asserted that he would be subjected to irreparable damage if he did not receive early release into a CCC and that he was entitled to emergency injunctive relief.

## 2. The Opinion and Order [Record No.4]

The Court screened the petitioner under authority granted in 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

The Court determined in the Opinion and Order that the petitioner had failed to state a due process claim upon which relief could be granted, because the petitioner's placement date of April 16, 2005, did not violate the Ex Post Facto Clause. The Court noted that the instant petitioner was sentenced on July 12, 2004, a year-and-a-half after the Bureau of Prisons implemented its policy change in December, 2002. The BOP's policy change essentially resulted in shorter CCC terms for federal prisoners.

The Court further noted that the BOP was not required, and was under no statutory or

2

regulatory mandate, to place federal prisoners in a CCC for a term of six months preceding their actual release date. The Court will not reiterate its discussion of the substantial case law on this issue, as it is fully set forth in the Opinion and Order. The Court denied the petitioner's request for emergency injunctive relief on the grounds that the petitioner had not demonstrated either any likelihood of success on the merits or the existence of irreparable injury, given his relatively short sentence after good time credits are applied.

### 3. Petition for Mandamus [Record No. 5]

The petitioner submitted a lengthy typewritten response, in which he essentially reargued the issues he raised in his initial petition: to wit, that he should have been granted pre-release custody into a CCC in January, 2005, instead of April 16, 2005.

### DISCUSSION

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Similar to Rule 60(b), Rule 59(e) motions must either present newly discovered evidence or a clearly established manifest error of law. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

First, the Court determines that the petitioner raised no arguments in his "Petition for Mandamus" which would convince the Court that the Opinion and Order should be altered or

amended in any manner.  For the reasons discussed in the Opinion and Order, the petitioner simply had no liberty interest in release into a CCC earlier than that which the BOP selected.  A liberty interest may arise only if the defendant's actions imposed "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995).  The petitioner did not establish that a full six-month term in a CCC subjected him to an atypical hardship in relation to the ordinary incidents of prison life.

Without a liberty interest, a party has no due process claim. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir.1993).  Absent a liberty interest in a six-month term in a CCC, the instant petitioner had no valid due process right entitling him to release into a CCC on or before April 16, 2005.

Second, the date of April 16, 2005, has now passed, and the Court assumes that the petitioner has in fact been released into the custody of a CCC.  To that extent, the current petition for mandamus relief is moot, the petitioner having ostensibly been released to a CCC as of April 16, 2005.

The law is clear that an inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate-plaintiff's release from confinement, or transfer to another facility. *McAlpine v. Thompson*, 187 F.3d 1213,1215 (10th Cir. 1999); *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987) (prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred.); *McKinnon v. Talladega County, Alabama*, 745 F.2d 1360, 1362 (11th Cir. 1984) (Inmates' transfer or release from jail moots

4

his individual claim for declaratory and injunctive relief); *Booth v. Barton County*, 157 F. Supp. 2d 1178, 1183 (D. Kan. 2001) (Two plaintiffs' release from Barton County jail mooted their claims for injunctive relief).

CONCLUSION

Accordingly, the petitioner's "Petition for Writ of Mandamus" [Record No. 5], construed as Motion to Alter or Amend under Fed.R.Civ.P. 59(e), is **DENIED** as **MOOT**.

This the 28th day of April, 2005.

**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**